In the Matter of **CORAL SPORTSWEAR,** Bankrupt.

Bankruptcy No. 74 B 1194.

United States Bankruptcy Court, S. D. New York.

Sept. 14, 1981.

Hahn & Hessen, New York City, for trustee.

Galpeer, Altus, Karp & Beckerman, New York City, for super-priority claimants.

## DECISION DETERMINING RIGHTS OF CERTAIN CLAIMANTS

EDWARD J. RYAN, Bankruptcy Judge.

On August 19, 1974, a petition in proceedings for an arrangement was filed by Coral Sportswear, Inc. ("Coral"), pursuant to § 322 of Chapter XI of the Bankruptcy Act. The arrangement proceedings aborted and on December 31, 1975, Coral was adjudicated a bankrupt. The New York Credit Men's Adjustment Bureau, Inc., was appointed trustee and qualified.

On March 16, 1981, the trustee made a motion for an order determining the rights of certain claimants as set forth in an order dated September 5, 1974. An answer to the application was served and, after oral argument the matter was finally submitted on March 16, 1981.

On September 5, 1974, Coral obtained an order authorizing it to borrow not more than $35,000 from third parties and to repay the sums borrowed with interest. The order further provided "that all persons who shall loan monies to the debtor in possession in accordance with the terms of this order shall receive no security therefor but shall have an administration claim in this proceeding, subordinated only to the Bankruptcy Judges' Administration [sic] and Expense Fund, administrative tax claims, and the claims pursuant to § 2–702 of the Uniform Commercial Code ...." The order further provided that "no repayment shall be made upon any monies borrowed pursuant to the terms of this order until payment has been made of the administration expenses and claims pursuant to § 2–702 of the Uniform Commercial Code, as provided herein."

Pursuant to said order, Leonard Greenberg, Shirley Pessin, Saul Gerber and William Paulisen (the "claimants" herein) loaned a total sum of $20,000 to the debtor in possession. Following the adjudication, the claimants filed their respective proofs of claim against the estate for the monies loaned pursuant to the September 5, 1974 order.

Due to controversy over the interpretation of the terms of the September 5, 1974 order, the claims remained in dispute until April 16, 1980. The claims were allowed as "super-priority" claims; however, the trustee disputed the claimants' contention concerning the interest claimed to be due and owing. The dispute was resolved pursuant to a stipulation of settlement entered into on April 16, 1980, and "So Ordered" by this court on April 22, 1980. The stipulation provided for a total of $26,690.20 to be paid out to the claimants.

On December 3, 1980, this court issued a final order of distribution, at which time the estate had a total of $69,660.47 on hand. The final order provided for a pro-rata distribution of all administration claims after payment in full of the expenses of administration and the "super-priority" claims. However, the final order of distribution did not allow claimants' claims in the amounts set forth in the April 22 stipulation and order of settlement. Consequently, the trustee, upon notice to all creditors, applied to this court for an order interpreting the provisions of this court's September 5, 1974 order and the amounts to be distributed to the "super-priority claimants" in the instant case.

According to the attorneys for the trustee, there are two alternative interpretations of the September 5, 1974 order (the "order") which may be applied to achieve an equitable distribution of the $69,660.47 on hand in the estate. The first interpreta-

tion (and the one asserted by the claimants as the only interpretation) is a literal reading of the order, including, *inter alia*, a 100% payment of the claimants' "super-priority" claims. This interpretation would result in a yield of approximately 46% to each of the remaining administration claimants.

The alternative interpretation of the order suggested by the attorneys for the trustee as the "proper interpretation" would establish, *inter alia*, a "super-priority fund" out of which a portion of the administrative tax claims would be paid. This method would result in a dividend to the "super-priority" claimants of approximately 94% and a yield of approximately 50% to each of the remaining administration claimants.

This court is not persuaded that other than a literal interpretation of the September 5, 1974 order and subsequent April 16, 1980 stipulation and order of settlement ought to be applied. No authority has been cited by the trustee's attorneys for the setting up of a "super-priority fund." Rather, equity requires that the claimants not be subject to any further delays or dilutions of their respective claims for monies that were loaned in good faith more than six years ago pursuant to an order of this court.

Therefore, the order of September 5, 1974 and the subsequent stipulation and order dated April 16, 1980 are interpreted to provide for payment of the Bankruptcy Judges' Administration and Expense Fund and other expenses of administration in full (totaling $19,489.77); payment of claims filed pursuant to § 2–702 of the Uniform Commercial Code (Chemical Bank— Dommerich Division: $5,160.62; Chase Manhattan Bank—Factor and Finance Division: $2,275); payment of administrative tax claims in full (totaling $2,349.87); and payment of claimants' "super-priority" claims as follows:

| Claim Number | Name | Total Amt. Allowed |
|---|---|---|
| 89 | Leonard Greenberg | $ 2,669.02 |
| 90 | Shirley Pessin | 13,345.10 |
| 91 | Saul Gerber | 6,672.55 |
| 92 | William Paulisen | 4,003.53 |

The remaining $13,695.01 is to be distributed pro-rata to all remaining administration claimants.

Settle an appropriate order.